UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT ANDERSON,

          Plaintiff,

v.                               Case No. 8:20-cv-947-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

          Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

### A.    Procedural Background

Plaintiff filed an application for a period of disability and DIB (Tr. 188-91). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 86-92, 95-107). Plaintiff then requested an administrative hearing (Tr. 127-28). Per Plaintiff's request, the ALJ held a hearing

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

at which Plaintiff appeared and testified (Tr. 36-85).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 9-27).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-8). Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

     **B.**     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1962, claimed disability beginning July 26, 2018 (Tr. 39, 188).  Plaintiff obtained a college education (Tr. 39).  Plaintiff's past relevant work experience included work as a veterans' contact representative and project/program manager (Tr. 22, 74).  Plaintiff alleged disability due to tinnitus, impairment of sphincter control, degenerative arthritis of the spine, eczema, major depression, post-traumatic stress disorder, sleep apnea, visual disturbance, and chronic pain (Tr. 87, 205).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2023 and had not engaged in substantial gainful activity since July 26, 2018, the alleged onset date (Tr. 14).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, with spondylosis and radiculopathy; congestive heart failure/coronary artery disease; paroxysmal atrial fibrillation; bilateral degenerative joint disease of the knees; obesity; bipolar disorder/depression; and history of post-

traumatic stress disorder (Tr. 14). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> [H]e could never climb ramps, stairs, ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. He could frequently reach, handle, and finger. The claimant has to avoid concentrated exposure to extreme temperatures, wetness, humidity, and excessive vibration. He must avoid all exposure to hazardous machinery and unprotected heights. Finally, he can tolerate no more than frequent interaction with the public and coworkers.

(Tr. 16). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 17-21).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform his past relevant work as a veterans' contact representative, as generally performed in the national economy (Tr. 21). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 23).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the

4

national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were

applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by (1) failing to properly assess the medical opinion of a state agency psychological consultant, and (2) failing to properly evaluate the RFC.[2]  For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A.    Medical Opinion

Plaintiff contends that the ALJ erred in the assessment of Dr. Jeffrey Prickett's, the state agency psychological consultant, opinion about Plaintiff's ability to interact with others.

In February 2019, Dr. Prickett completed a mental RFC assessment for the SSA at the reconsideration level of Plaintiff's claims (Tr. 104-05).  Dr. Prickett opined Plaintiff had limitations in social interaction (Tr. 104).  Specifically, Dr. Prickett found Plaintiff's ability to interact appropriately with the general public to be moderately limited (Tr. 105).  Dr. Prickett also found Plaintiff's ability to get along with coworkers without distracting them or exhibiting behavioral extremes to be moderately limited (Tr. 105).  Dr. Prickett also found Plaintiff's ability to accept instructions and respond appropriately to criticisms from his supervisor to be moderately limited (Tr. 105).  To support those conclusory statements, Dr. Prickett

---

[2] In the joint memorandum, Plaintiff presented one argument, the ALJ erred in the determination of the RFC, with three subsections.  However, for clarity, this Order divides the arguments into two sections.

stated Plaintiff would need an understanding supervisor and a work setting that minimizes interaction with the general public and coworkers (Tr. 105).

> In considering Dr. Prickett's opinion, the ALJ stated
>
> Dr. Prickett opined the claimant was limited to "routine tasks," with minimal social interactions and the ability to adapt to simple changes (Exhibit 4A), though the doctor did not explain exactly *why* the evidence supported such limitations, and the undersigned's discussion of the medical and nonmedical evidence herein shows that this non-treating and non-examining source opinion carries little persuasiveness

(Tr. 21).   The ALJ also noted that although evidence of the record shows that Plaintiff is not necessarily a social recluse, Plaintiff's main issue appears to be irritability when dealing with other people (Tr. 16).   The ALJ found Dr. Prickett's opinion that Plaintiff has a moderate limitation in interacting with others to be appropriate (Tr. 16).

Because Plaintiff applied for DIB on July 30, 2018 (Tr. 174-80) the new SSA regulations apply to how the ALJ considers and articulates medical opinions.   *See* 20 C.F.R. § 404.1520c; *see also Simon v. Comm'r of Soc. Sec.*, 7 F.4th 1094, 1104 n.4 (11th Cir. 2021) (indicating that 20 C.F.R. § 404.1527 only applies to disability claims filed before March 27, 2017, and claims filed after that date are governed by 20 C.F.R. § 404.1520c, which prescribes a somewhat different framework for evaluating medical opinions).

Under the new regulations, the ALJ must still articulate how he or she considered the medical opinions in rendering the decision.   20 C.F.R. § 404.1520c(a).  Pursuant to 20 C.F.R. § 404.1520c, however, an ALJ "will not defer

or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, an ALJ should consider a medical opinion based on the following factors, as appropriate: supportability, consistency, relationship with the claimant, and specialization, as well as any other relevant factors. 20 C.F.R. § 404.1520c(a) & (c). The most important factors an ALJ will consider in evaluating the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(a) & (b)(2). For example, the more relevant the objective medical evidence and supporting explanation provide by a medical source to support his or her medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). Likewise, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(2).

Here, the ALJ appropriately assessed Dr. Prickett's opinion under the new regulation (Tr. 15, 22-23). Although the ALJ did not use the specific words like "supported" and "consistent," the ALJ's reasons for finding Dr. Prickett's opinion to carry little persuasiveness shows the ALJ considered whether Dr. Prickett's opinion was supported and consistent with the medical evidence. Thus, any error to not use certain words such as "supported" and "consistent" was harmless. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) ("We have also declined to remand for express findings when doing so would be a 'wasteful

corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision.") (citation omitted).

First, the ALJ explained that Dr. Prickett provided no evidence to support Plaintiff's need for minimal social interactions (Tr. 21). The medical evidence does not support Dr. Prickett's opinion. As the ALJ correctly noted Plaintiff presented with irritable mood at two doctor's appointments (Tr. 359, 918). But doctors more often noted Plaintiff presented with a normal mood (Tr. 440, 937, 1062, 1066, 1070, 1073, 1077, 1079, 1084). Also, at doctor's appointments during the alleged period of disability,[3] Plaintiff was cooperative, had appropriate attitude, and showed good attention or was properly alert (*See* Tr. 937, 1016, 1019, 1028, 1062, 1066, 1070, 1073, 1077, 1079, 1084).

Second, the ALJ explained that the nonmedical evidence is not entirely consistent with Plaintiff's allegations of limited social functioning abilities (Tr. 20). At the hearing, Plaintiff testified that his prior job was stressful and often had short temper with his coworkers (Tr. 46). But at the hearing, Plaintiff also testified to engaging in social interactions in taking his son to wrestling events and going to theme parks with his family (Tr. 52-56). Despite stating in his "Function Report" that his mental impairments make it difficult to deal with people (Tr. 228), Plaintiff

---

[3] Medical records before the period of disability do show Plaintiff had irritable mood at two appointments (Tr. 633-34, 687), but more often Plaintiff had a normal mood and was cooperative, alert, and appropriate at doctor's visits, including a several night stay at the hospital for cardiological issue (Tr. 393, 430, 484, 499, 501, 527, 546, 553, 712, 718, 722).

testified at the hearing that he helps his family by taking them to doctor's appointments and visits with his wife's family in a different state (Tr. 57, 61).

Because the medical and nonmedical evidence did not support or were consistent with Dr. Prickett's opinion for Plaintiff to have minimal social interaction, the ALJ appropriately found Dr. Prickett's opinion to carry little persuasiveness. Under the new regulation, the ALJ applied the proper legal standard, and the decision is supported by substantial evidence.

**B.    RFC**

Plaintiff alleges that the RFC assessment does not account for Plaintiff's limitations in interacting with others and his obesity. For the reasons that follow, substantial evidence supports the ALJ's RFC assessment.

Before Steps Four and Five of the sequential evaluation process, an ALJ must determine a claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). An RFC assessment represents "the most" a claimant "can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). The RFC must consider all of the medical evidence in the record, and must reflect all of the claimant's physical, mental, and environmental restrictions. 20 C.F.R. § 404.1545(a)(1) and (3). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical

condition taken as a whole"). However, it is Plaintiff's burden to prove that an impairment is severe and that his impairments caused additional limitations on his ability to work. *See Doughty v. Apfel,* 245 F.3d 1274, 1281 (11th Cir. 2001); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a) & (c).

The issue is not whether some evidence might support Plaintiff's allegations, but whether substantial evidence supports the ALJ's findings. *See Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005); *Ellison v. Barnhart,* 355 F.3d 1272, 1275 (11th Cir. 2003); *see also Werner v. Comm'r of Soc. Sec.,* 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether the ALJ could have reasonably credited [claimant's] testimony, but whether the ALJ was clearly wrong to discredit it"). Under a substantial evidence standard of review, Plaintiff cannot merely identify evidence in the record supporting his position but must show the absence of substantial evidence supporting the ALJ's conclusion. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

Plaintiff sets forth two arguments on how the ALJ failed to properly evaluate the RFC: (1) the ALJ failed to consider how Plaintiff's problems in interacting with others affects the RFC and (2) the ALJ failed to incorporate the limitations caused by Plaintiff's obesity into the RFC.

### 1.    Interacting with Others

Plaintiff contends the ALJ failed to consider how Plaintiff's problems in interacting with others affects the RFC. Specifically, Plaintiff contends the ALJ's

11

limitation that Plaintiff be limited to no more than frequent interaction with the public and coworkers does not properly incorporate the ALJ's finding that Plaintiff has a moderate limitation in interacting with others.

In the decision, the ALJ found Plaintiff had moderate limitations in interacting with others (Tr. 15).  Despite these moderate limitations, the ALJ noted Plaintiff admitted to spending time with others (Tr. 15).  The ALJ also noted that Plaintiff did not address whether his difficulties in interacting with others caused him to be fired or laid off from work (Tr. 15).

After considering Plaintiff's impairments, the ALJ found Plaintiff could perform sedentary work but included the limitation that Plaintiff cannot tolerate more than frequent interaction with the public and coworkers (Tr. 16).  The ALJ did not included a more restrictive limitation because the medical evidence does not support it.  The only medical evidence that stated Plaintiff should have minimal social interaction was from Dr. Prickett, a non-examining doctor, which the ALJ properly found his opinion to carry little persuasiveness, as discussed above.

Looking at Plaintiff's mental health treatment notes with Dr. Stephen Hawk, Dr. Hawk noted Plaintiff was cooperative, fair judgment and insight, intact memory and concentration, and logical, linear, and goal directed thought process (Tr. 359, 393, 430, 558, 587, 609, 633-34, 664, 676, 687, 918, 937).[4]  In other treatment notes, doctors noted Plaintiff was properly oriented, alert, and showed good attention (Tr.

---

[4] Dr. Hawk's notes span from May 2016 through July 2019.

377, 712, 718, 722, 1016, 1019, 1024, 1028, 1029, 1062, 1066, 1070, 1073, 1077, 1079-80, 1084).

Plaintiff points to his testimony that he would have a short temper and scream at his coworkers to support the limitation that he needed to have more restrictions in interacting with others.   However, the ALJ found that Plaintiff's impairments could cause the subjective complaints he testified about but his subjective statements were not entirely consistent with the evidence of the record (*See* Tr. 17-20).  That determination is unchallenged, and thus the Court must accept the ALJ's findings on this regard.  *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (stating that "credibility determinations are the province of the ALJ") (citation omitted).

Because the ALJ properly addressed and considered Plaintiff's limitations in interacting with others in the RFC, the ALJ's decisions is supported by substantial evidence.

### 2.    Obesity

Plaintiff contends the ALJ failed to incorporate limitations caused by Plaintiff's obesity into the RFC.  For the reasons that follow, substantial evidence supports the ALJ's consideration of Plaintiff's obesity into the RFC.

"An ALJ must consider obesity when assessing a claimant's overall medical condition."  *Silas v. Saul*, No. 8:18-cv-477-TSPF, 2019 WL 4686802, at *7 (M.D. Fla. Sept. 26, 2019).  "Obesity shall be considered when determining if (1) a claimant has a medically determinable impairment, (2) the impairment is severe, (3)

the impairment meets or equals the requirements of a listed impairment, and (4) the impairment bars claimant 'from doing past relevant work and other work that exists in significant numbers in the national economy.'" *Lewis v. Comm'r of Soc. Sec.*, 487 F. App'x 481, 483 (11th Cir. 2012) (citing SSR 02–1p).  When obesity is identified as a medically determinable impairment, the ALJ must "assess the RFC to show the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment."  SSR 19-2p, 2019 WL 2374244 (May 20, 2019).[5]

A review of the record establishes that the ALJ properly considered Plaintiff's obesity as required.  At step two of the evaluation process, the ALJ found that Plaintiff had a combination of severe impairments including obesity (Tr. 14).  At step three, the ALJ found that Plaintiff's impairment or combination of impairments did not meet or medically equal one of the listed impairments (Tr. 14).  Similarly, at step four, the ALJ noted that Plaintiff's height and weight is indicative of obese body habitus and stated that he had considered the effects of Plaintiff's "obese body habitus as per the guidance in SSR 19-2p" (Tr. 17, 20).  In considering Plaintiff's obese body habitus, the ALJ included in the RFC that Plaintiff could

---

[5] Social Security Ruling (SSR) 19-2p applies to all Social Security applications filed on or after May 20, 2019, and to all claims pending before the agency on or after that date.  SSR 19-2p, 2019 WL 2374244, at *5 n.14 (May 20, 2019).  Because Plaintiff's hearing took place on October 10, 2019, and the ALJ issued the decision on November 21, 2019, after SSR 19-2p's effective date, the ALJ properly applied SSR 19-2p (Tr. 20).  Because Plaintiff does not argue the ALJ applied the wrong SSR, this issue is waived.  *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority about the claim).

never climb ramps, stairs, ladders, ropes, or scaffolds and could only occasionally balance, stoop, kneel, crouch, and crawl (Tr. 20).

The ALJ also considered the effects of Plaintiff's obesity in weighing the opinion of the state agency consultant Dr. Roland Gutierrez. Specifically, the ALJ found Dr. Gutierrez's opinion that Plaintiff could perform medium work to carry little persuasiveness (Tr. 21). The ALJ noted that Dr. Gutierrez's opinion was a very optimistic projection and new evidence since Dr. Gutierrez's opinion supported greater limitations (Tr. 21). The ALJ noted Dr. Gutierrez's opinion seemed to underemphasize the significance of Plaintiff's obesity (Tr. 21). Overall, the ALJ's analysis of Plaintiff's obesity satisfies the requirements of SSR 19-2p.[6] *See Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 264 (11th Cir. 2009); *Lewis*, 487 F. App'x at 483 (ALJ properly considered plaintiff's obesity in accordance with SSR 02-1p where ALJ determined plaintiff's obesity was a severe impairment but did not meet or equal a listing and then considered plaintiff's obesity in assessing the RFC).

Plaintiff also offered no evidence that his obesity caused limitations beyond those found by the ALJ. *See Gurganus v. Colvin*, No. 6:11-cv-4262-SLB, 2013 WL 5354156, at *6-7 (N.D. Ala. Sept. 24, 2013) (plaintiff cited SSR 02-1p but failed to demonstrate that she was further restricted by her obesity beyond those found by ALJ); *see also Lewis*, 487 F. App'x at 483 (holding ALJ complied with SSR 02-1p where ALJ considered evidence of claimant's obesity and found obesity was a

---

[6] The purpose of the rescinded SSR 02-1p and SSR 19-2p are generally the same as for how an ALJ should consider obesity in a claimant's RFC. *Compare* SSR 02-1p, 2002 WL 34686281, at *7, *with* SSR 19-2p, 2019 WL 2374244, at *4.

severe impairment and claimant could perform light work).  It is Plaintiff's burden to prove that his impairments caused additional limitations on his ability to work.  *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a) & (c).  Here, Plaintiff failed to meet that burden.

Because the ALJ properly addressed and considered Plaintiff's obesity in the RFC, the ALJ's decisions is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is affirmed.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 13th day of September, 2021.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

16